## Estate of Elizabeth Turner, deceased. Appeal of James Call, Executor, and Asa B. and Nancy McClelland.

*Appeals—Practice, S. C.—Interlocutory decree—Quashing appeal.*

Upon exceptions to the account of an executor involving the validity of certain payments under an arbitration provided for in the decedent's will, the orphans' court set aside the award of the arbitrators and ordered the selection of a new board of arbitrators, and directed that meantime the " further consideration of the exceptions filed to the report of the auditor," to whom the exceptions to the executor's account had been referred " stand over until after the filing of " the award of the new board of arbitrators. *Held*, that the decree of the court was not a final decree, and that an appeal from it should be quashed.

Argued Oct. 18, 1897. Appeal, No. 46, Oct. T., 1897. by James Call et al., from decree of O. C. Greene Co., Jan. T., 1890, No. 8, refusing to confirm report of auditor, and setting aside award of arbitrators. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Appeal quashed.

Exceptions to auditor's report.

The facts appear by the opinion of the Supreme Court.

The orphans' court entered the following decree :

And now, December 22, 1896, it is hereby ordered and directed that the award heretofore made by Mordecai Kent, Samuel Thompson and Joseph Throckmorton as to the claim presented by Asa B. and Nancy McClelland, under the will of Elizabeth Turner, deceased, be and the same is hereby set aside and annulled, together with all orders of the court, and all proceedings had in connection therewith ; and further it is now ordered and directed that the matter of the selection of three disinterested and responsible men to determine and decide under the same will be referred to Asa B. and Nancy McClelland, Finley Oaks and Jane Buckingham who are to choose and report by writing filed in this court, such persons as they may agree upon for that purpose, within thirty days from the date of this order, and in case of their failure to do the same within that time, the court will on the application of either of the parties named make the appointment of persons of its own selection for the determina-

tion of said matter, and it is further ordered that further consideration of the exceptions filed to the report of the auditor at this time stand over until after the filing of such award in the particular claim mentioned, as may be hereinafter filed by such referees as may be selected in the premises.

*Error assigned* was decree of the court.

*D. S. Walton*, of *Walton & Buchanan*, with him *R. F. Downey*, and *J. A. J. Buchanan*, for appellant.

*A. F. Silveus*, with him *W. A. Hook* and *J. B. Donley*, for appellees.—The appeal should be quashed, as there is no final decree: Mitchell & Keene's App., 60 Pa. 502; Troubat & Haly's Practice, sec. 824; Ranck v. Whitaker, 4 W. N. C. 69; Straub v. Smith, 2 S. & R. 382; Grant v. Hickcox, 64 Pa. 335; Starr's App., 3 Pa. Superior Ct. 214; Yost v. Davison, 5 Pa. Superior Ct. 469; Eckfeldt's App., 13 Pa. 170; Lauer v. Brewing Co., 180 Pa. 593; Transit Co. v. Pipe Line Co., 180 Pa. 224; Cake v. Cake, 106 Pa. 472; Jones's App., 99 Pa. 132; Catterson's App., 100 Pa. 9.

OPINION BY MR. JUSTICE WILLIAMS, January 3, 1898:

Almost thirty years ago James L. Turner and Elizabeth his wife found themselves growing aged and infirm and needing to be relieved from the burden of their own care and support. Their own children were grown up and settled, but they found it necessary to arrange with another for the care needed to smooth their declining years and keep them from want.  They had a house in the little village of Oak Forest, Greene county, and a farm not far away, the title to both of which was in Mrs. Turner.  On April 14, 1869, the old people made a written agreement with Asa B. McClelland and Nancy his wife by which the house in Oak Forest was conveyed to the McClellands and the rent or income from the farm pledged to them so long as the survivor of the Turners should live, in consideration for their care and support in sickness and in health so long as they or either of them should live.  On the same day, and evidently as part of the arrangement, Mrs. Turner made her will in which she provided that if the McClellands were not sufficiently compensated under the terms of the agreement, the moral obliga-

tion to pay what ought in conscience to be paid to them should be recognized by her representatives, notwithstanding the written agreement, and they should be paid, though it required the rest of her estate to pay them. But to determine whether additional compensation was honestly due to the McClellands, and to what amount, she provided that the subject should be referred to three "disinterested and responsible men" for examination, from whose decision no appeal was provided for. The survivor lived nearly nineteen years after this arrangement was made. After the death of the survivor notice was given by the McClellands that they were entitled to additional compensation, and requesting the executor to have three disinterested and responsible persons appointed to hear and pass upon their claim. The executor, in the absence of explicit directions in the will as to the manner of the appointment of the arbitrators, applied by petition to the orphans' court, nominating suitable men and asking their appointment. The orphans' court entertained the petition and made the appointment. The residuary legatees then came in by petition and moved the court to revoke the appointment of the arbitrators, and to dismiss the petition under which the appointment had been made; but the court on hearing refused the application of the residuary legatees and discharged their rule. The arbitrators then met, investigated the claim of the McClellands and found the sum of $3,477.20 to be due to them for services rendered and expenses incurred under the contract of April 14, 1869. This award remains undisturbed, no exceptions, so far as appears, having ever been taken to it. In December, 1889, the executor filed his final account. This award was upon its face a valid claim against the estate in the hands of the executor, and he took credit in his final account for the sums paid by him to the arbitrators for their services, and for the amount of the balance of the assets in his hands as paid upon the award. This controversy is over the executor's account. The residuary legatees except to the credits claimed for the payment of the fees of the arbitrators and the money paid upon their award. The question so raised is over the effect of the award in favor of the McClellands. It was neither appealed from nor excepted to. Why was not the executor entitled therefore to credit for its payment? The learned judge of the orphans' court seems to be of the opinion that the

proceedings to ascertain whether the McClellands were justly entitled to additional compensation were begun too soon. We do not think so. It seems also to be thought that the executor should have converted the estate into money, brought it.into. court, and submitted its distribution and the claims of the Mc-, Clellands to the decision of an auditor. The testatrix did not entertain that idea. She provided for a tribunal to dispose finally of the subject, not upon strict rules of law, but upon moral grounds, and according to the dictates of good conscience. The claim, if any was found to exist, could not be paid until the estate was converted into money by the executors, but its ascertainment had nothing whatever to do with the sale of the decedent's real and personal estate, and was in no way dependent on such sale. But the orphans' court, for some reason that we cannot now review because of a consideration presently to. be mentioned, upon an exception to the executor's account, has, reversed and set aside the appointment of arbitrators made in 1887, and the decree made by the same court under the presidency of the predecessor of the present learned president judge, refusing to vacate the appointment, set aside the award without, an exception or objection of any sort being filed against it, ordered the selection of a new board of arbitrators, and directed, that meantime the " further consideration of the exceptions. filed to the report of the auditor " to whom the exceptions to the executor's account had been referred "stand over until after, the filing of" the new award by the new board of arbitrators.

This is a suspension of the controversy over the executor's account. It is in no sense a final order upon any question that was properly before the orphans' court, and it is not easy to see how any other disposition of this appeal is possible than to quash it as prematurely taken. The time may come when the, exceptions to the executors' account will be disposed of by a final decree, and when that time comes an appeal can be taken that will bring this extraordinary record up for review. Meantime we can only say that the order appealed from is interlocutory in its character, and in express terms stays the pending proceedings on the executor's account for the present, leaving the questions that were before the court wholly undecided. For this reason we hold that the appeal is premature and must be quashed.

It is quashed accordingly.